IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID C. ANDREWS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-21-1095 |
| HEIDI L. ANDREWS, | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM

Self-represented plaintiff David C. Andrews, an inmate presently incarcerated at the Wicomico County Department of Corrections in Salisbury, Maryland, filed the above-captioned Complaint against his former spouse, Heidi L. Andrews. ECF 1. Plaintiff alleges that defendant filed for absolute divorce in the Circuit Court for Caroline County and, in the course of that proceeding, denied him due process, the right against self-incrimination, and equal protection under the law. *Id.* at 6. He seeks a declaratory judgment as well as an order directing the circuit court to grant him a hearing and a continuance in his state case. ECF 1-2 at 5-6. The filing was construed and instituted as a 42 U.S.C. § 1983 action against defendant.

Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis. ECF 2. Because he appears indigent, I will grant the Motion. For the reasons that follow, however, the Complaint must be dismissed.

At its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of law. *See Owens v. Baltimore State's Attorney Office*, 767 F.3d 379, 402 (4th Cir. 2014), *cert. denied sub nom. Balt. City Police Dep't v. Owens*, 575 U.S. 983 (2015). Section 1983 of 42 U.S.C. provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see Safar v. Tingle*, 59 F.3d 241, 245 (4th Cir. 2017). In analyzing a § 1983 claim, a court must first identify "the specific constitutional right allegedly infringed." *Albright,* 510 U.S. at 271. "The first step in any such claim is to pinpoint the specific right that has been infringed." *Safar*, 859 F.3d at 245.

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019); *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011), *cert. denied*, 565 U.S. 823 (2011); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997).

The phrase "under color of state law" is an element that "'is synonymous with the more familiar state-action requirement' for Fourteenth Amendment claims, 'and the analysis for each is identical.'" *Davison*, 912 F.3d at 679 (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see also Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 929 (1982). For conduct to fall within scope of § 1983, the defendant charged with a civil rights violation must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions. *See DeBauche v. Trani*, 191

F.3d 499, 506-07 (4th Cir. 1999).  A person acts under color of state law "only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Philips*, 572 F.3d at 181 ("[P]rivate activity will generally not be deemed state action unless the state has so dominated such activity as to convert it to state action: Mere approval of or acquiescence in the initiatives of a private party is insufficient.") (citations and internal quotation marks omitted).

Defendant, a private citizen, was not acting under color of law during the course of the parties' divorce proceedings in state court.  Nor can I conclude that she was engaged in the state's actions.  Therefore, the Complaint must be dismissed.

Moreover, this court is without jurisdiction to grant plaintiff the relief he seeks.  To the extent plaintiff asks this court to compel certain actions by the state circuit court and/or its agents, his action is akin to a petition for a writ of mandamus.  *See* 28 U.S.C. § 1361.  Under 28 U.S.C. § 1361, the federal district courts has original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner.  However, this court has no mandamus jurisdiction over county or state employees, including the Circuit Court for Caroline County.  *See generally Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969).

An Order follows.

Date:  May 11, 2021                                                    /s/
                                                                            Ellen L. Hollander
                                                                            United States District Judge